# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Lingenfelter,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____ | Case No.: 1:12-cv-00047-LJO-SKO<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

       Plaintiff Michelle Lingenfelter filed a complaint on January 9, 2012, along with a civil cover sheet indicating that venue was appropriate in the U.S. District Court for the Eastern District of California because Plaintiff resides in Fresno County. (Docs. 1, 2.) Following the filing of the Administrative Record, the Court noted that the record was replete with references to Plaintiff's residence in Santa Clara County.

       On December 19, 2012, the Court issued an order requiring Plaintiff to file a declaration under penalty of perjury stating the place of her residence at the time she filed her complaint and her current place of residence, if a change in residency had occurred since the filing of the complaint. To the extent that Plaintiff's place of residence was in Santa Clara County, Plaintiff was required to show cause why the case should not be transferred to the U.S. District Court for the Northern District of California pursuant to 42 U.S.C. 405(g). (Doc. 19.)

On January 4, 2013, Plaintiff filed a response to the Court's December 19, 2012, order to show cause. (Doc. 20.) Plaintiff indicates that her place of residence is in Santa Clara County, and it has not changed since she filed her complaint in this matter on January 9, 2012. (Doc. 20-1.) Plaintiff asserts that she made a clerical error on the civil cover sheet at the time the case was filed, and the venue issue was not discovered until now. Plaintiff asserts that the case has been briefed and is ready for a decision, thus the Court should issue a decision on the merits and should not transfer the case.

While the Court is aware that the matter is fully briefed, the improper venue in this case is not an isolated occurrence and appears to be part of a more systemic venue problem created by Plaintiff's counsel. The Court has recently discovered that Plaintiff's counsel has improperly filed numerous cases in the Fresno division of the Eastern District. *As it pertains only to cases assigned to the undersigned*, 12 out of 29 cases filed by Plaintiff's counsel have incorrectly identified the place of the plaintiffs' residences. Of these cases, six were improperly filed in this division of the Eastern District of California.[1]  42 U.S.C. § 405(g) (action for judicial review of decision by the Commissioner of the Social Security Administration "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . .").

The U.S. District Court for the Eastern District of California is one of the most severely burdened district courts in the nation. Prudent management of the Court's judicial resources is paramount as it strives to effectively serve the communities in this district. Cases improperly filed here cause other litigants, who are properly before this Court, to be kept waiting while resources are spent on improperly venued cases, and Plaintiff's own clients suffer the delays associated with counsel's erroneous filing in this division and/or district. Regrettably, the venue issue has only recently been discovered; however, the Court is taking action to address such erroneous filings by Plaintiff's counsel in the future.

---

[1] *See Hodgens v. Astrue*, 1:12-cv-00471-LJO-SKO; *Dearmon v. Astrue*, 1:12-cv-00345-AWI-SKO; *Bustos v. Astrue*, 1:12-cv-00725-AWI-SKO; *Coronado v. Astrue*, 1:10-cv-00594-AWI-SKO; *Krauss v. Astrue*, 1:11-cv-01102-LJO-SKO.

2

Accordingly, IT IS HEREBY ORDERED that this case be TRANSFERRED to the U.S. District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:**   **January 7, 2013**                           /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE